# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-2234V
UNPUBLISHED

RIANA PROIA, *Parent and Natural Guardian of* A.M., *a Minor*,

                Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: July 25, 2022

Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu); Guillain-Barré syndrome ("GBS").

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On November 30, 2021, Riana Proia, parent and natural guardian of her minor child, A.M. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that A.M. suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza vaccine ("flu") vaccine administered to him on or about October 17, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 25, 2022, Respondent filed a combined Rule 4(c) Report and Proffer in which he conceded that Petitioner on behalf of A.M. was entitled to compensation for A.M.'s GBS. Respondent's Rule 4(c) Report and Proffer at 1, 7. That same day, I issued a Ruling on Entitlement.

Respondent represents that Petitioner agrees to his proffer on an award of compensation. Rule 4(c) Report and Proffer at 8-9. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the combined Rule 4(c) Report and Proffer,[3] I award the following compensation:

- **A lump sum of $85,000.00 (for pain and suffering) in the form of a check payable to Petitioner as the guardian/ conservator of the Estate of A.M. for the benefit of A.M. No payment shall be made until Petitioner provides Respondent with documentation establishing that she has been appointed as guardian/ conservator of A.M.'s estate;**

- **A lump sum of $28.68 in the form of a check payable to Petitioner for past unreimbursable expenses; and**

- **A lump sum payment of $9,604.37, representing compensation for satisfaction of a State of Rhode Island Medicaid lien, payable jointly to Petitioner and to:**
  **Optum**
  **PO Box 182643**
  **Columbus, OH 43218-2643**
  **Re: A.M. - #73660961**
  **Attention: Ronald Glaser**

These amounts represent compensation for all damages that would be available under Section 15(a).  Respondent's Rule 4(c) Report and Proffer at 8-9.

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Because the combined Rule 4(c) Report and Proffer contains information regarding A.M.'s personal medical history, which is not generally included in a Proffer when separately filed, it is not attached hereto.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.